IT IS ORDERED

Date Entered on Docket: September 15, 2021



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re: | Case No. 21-10031-t13 |
| William Scott Rodgers, | Chapter: 13 |
| Debtor. | |

### STIPULATED ORDER RESOLVING SELENE'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY, AND DEBTOR'S MOTION TO SELL PROPERTY

**THIS MATTER** came before the Court on 1) the Motion for Relief from Stay and co-Debtor stay ("Motion") filed by Selene Finance LP as servicer for The Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2015-13ATT, its successors and/or assigns ("Creditor") on March 3, 2021 (Docket No. 26) on the real property described as 5004 Pinecroft Drive, Farmington, NM 87402 (the "Property"); and 2) the Amended Motion to Sell Real Property, filed by Debtor on August

1

19, 2021 (Docket No. 71) regarding the sale of the Property. Creditor, by its counsel, Elizabeth V. Friedenstein, and the debtor, William Scott Rodgers ("Debtor"), by and through his attorney, Jason Michael Cline (hereinafter collectively the "Parties"), and Tiffany M. Cornejo as the duly appointed Chapter 13 Trustee ("Ch. 13 Trustee") hereby agree and stipulate as follows:

1. The Automatic Stay imposed by §362 of the U.S. Bankruptcy Code, presently in effect in this case, be and hereby is, continued as to Creditor's rights with respect to the subject Property, except as provided below:

2. The Debtor's Motion to Sell (Docket No. 71) will be partially granted, allowing the Debtor to sell the Property and use proceeds from said sale to pay Creditor's lien on the Property in full, so long as the sale is completed and the funds to fully pay Creditor's lien are tendered to Creditor no later than end of business on November 15, 2021.

3. Upon the Debtor's sale of the Property, Creditor's ownership and/or lien interests in the Property shall attach to the proceeds of the sale unless and until Creditor is fully paid.

4. Debtor may list the property for sale at a price of $357,200.00, and may sell the Property for any price that nets sufficient proceeds to fully pay Creditor after payment of all other ordinary sale expenses and commissions.

5. The parties agree that Creditor will be paid in full, and the amount presently due to Creditor is $293,592.19, plus additional accruing interest, fees and other lawful charges incurred after the date of this Stipulation. The Debtor may not accept any offer to purchase the Property unless it provides sufficient net proceeds to fully pay Creditor (after payment of ordinary sale expenses and commissions) without further Order of the Court upon notice to Creditor, the Ch. 13 Trustee and other interested parties.;

6. Upon sale of the Property, realtor's commission and closing costs are limited to 8% of final sale price;

7. Debtor may receive up to $60,000.00 as exempt proceeds of the sale;

8. The remaining sale proceeds, after payment of the actual amounts payable by Debtor for the items set forth in Paragraphs 5-7 above, and payment of other taxes, costs and closing fees, shall be paid to the Ch. 13 Trustee;

9. The Parties acknowledge and agree that Creditor had previously foreclosed the Property under state law and obtained a confirmation deed to the Property, and therefore Creditor asserts an ownership and/or continuing security interest in the Property and sale proceeds until paid. Upon a sale of the Property in compliance with this Stipulation, Creditor shall execute a quitclaim deed, without any representations or warranties, to the buyer in exchange for receipt of funds to fully pay the amounts owed to Creditor under its foreclosed lien. Said quitclaim deed may be delivered to an approved title insurance and escrow company, to hold in escrow pending the closing of the Property sale and payment to Creditor.

10. If the Property has not been sold and funds have not been received to fully pay the amounts owed to Creditor's no later than end of business on November 1, 2021, Creditor shall be granted relief from the automatic stay under 11 U.S.C. § 362(d), and relief from the co-debtor stay as to Megan M. Rodgers pursuant to 11 U.S.C. §1301, in order to enforce Creditor's ownership rights and take possession of the Property. In that event, Creditor may immediately file and upload an ex parte order granting it relief from the automatic stay and co-debtor stay to proceed with eviction, without further notice or hearing;

11. Additionally, in the event that the automatic stay is terminated as provided in this this Stipulation and Order, Creditor, at its option, is free to exercise any rights it may have to enforce its ownership and/or security interest in the Property pursuant to applicable non-bankruptcy law and shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the Property including eviction.  By agreement, the fourteen-day stay pursuant to FRBP 4001(a)(3) is waived so that Creditor, its successors and assigns, may immediately enforce and implement this Order upon termination of the automatic stay;

12. The amended plan is hereby revised to exclude future payments from Trustee to the Creditor;

13. Creditor is hereby allowed to amend or withdraw its Proof of Claim and Amended Proof of Claim, consistent with the terms of this Stipulation and Order.

14. Upon entry of the Court's Order approving this Stipulation, Creditor shall promptly return all funds received from the Trustee in the approximate amount of $7,208.46 paid to Creditor to-date pursuant to the Debtor's previously confirmed Chapter 13 plan, and the Trustee is hereby instructed to no longer issue any payments under the plan to Creditor.  Upon entry of the Order approving this Stipulation, Creditor's treatment under the Chapter 13 Plan shall be as set forth above.

15. This Order will remain effective despite the conversion of the case to one under another chapter.

IT IS FURTHER STIPULATED that the final hearing on the Motion currently set for September 14, 2021 at 01:30 PM is stricken from the Court's Calendar.

### END OF ORDER ###

Submitted by:

IDEA Law Group, LLC

/s/ Elizabeth V. Friedenstein
Elizabeth V. Friedenstein
2501 San Pedro Drive NE, Bldg. A, Suite 102
Albuquerque, NM  87110
Toll Free: 877-353-2146 ext.1005
Email: elizabethf@idealawgroupllc.com
Attorney for Creditor

**SEEN AND APPROVED:**

| | |
|---|---|
| *Approved via email 9/10/2021* <br> Jason Michael Cline <br> Jason Cline, LLC <br> 2601 Wyoming Blvd. NE, Suite 108 <br> Albuquerque, NM 87112 <br> 505-595-0110 <br> Email: jason@attorneyjasoncline.com <br> Attorney for Debtor | /s/ Tiffany M. Cornejo *(by permission 9/13/2021)* <br> Tiffany M. Cornejo <br> 625 Silver Avenue SW <br> Suite 350 <br> Albuquerque, NM 87102-3111 <br> Trustee |

Copies to:

William Scott Rodgers
5004 Pinecroft Dr.
Farmington, NM 87402
**Debtor**

Megan M. Rodgers
5004 Pinecroft Dr.
Farmington, NM 87402
**Non-Filing Co-Debtor**

5